UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
CARLOS VILLANUEVA,

Plaintiff,

- against -

WELLS FARGO BANK, N.A., *et al.*,

Defendants.
-------------------------------------------------------x

**MEMORANDUM & ORDER**
25-CV-6383 (PKC) (MMH)

PAMELA K. CHEN, United States District Judge:

The Court is in receipt of Plaintiff's Motion to Amend his Complaint, (Dkt. 24), Proposed Amended Complaint ("PAC"), (Dkt. 24-4), and Letter Motion proposing a briefing schedule. For the following reasons, the Court denies the Motions as futile because Plaintiff's Proposed Amended Complaint fails to state a claim upon which relief can be granted. However, the Court grants Plaintiff a final opportunity to seek to amend his complaint within thirty (30) days, if he can state a cognizable claim over which the Court has jurisdiction.

## BACKGROUND

### I. Factual Background

Plaintiff's PAC alleges that, in 2009, he purchased a property located at 57 Stillwell Avenue (the "Property"), which had been the subject of prior foreclosures. (PAC, Dkt. 24-4, ¶¶ 11, 20.) Plaintiff purchased the Property using a loan issued by Nationstar Mortgage ("Nationstar") through Resource One Inc. ("Resource One"), a mortgage broker. (*Id.* ¶ 28.) Nationstar and Resource One informed Plaintiff that "he would be able to use rental income from the second floor of the [P]roperty to help pay the mortgage" and promised to make repairs on the second floor to ensure its habitability. (*See id.* ¶¶ 29–30.) Plaintiff closed on the Property, but at the time, was unaware that the seller could not deliver clean title to him because the seller had previously sold

the deed to the Property. (*Id.* ¶ 33.) The repairs on the second floor were never completed, and, at some point, Plaintiff defaulted on his loan. (*Id.* ¶¶ 31, 36.)

In 2012, Nationstar assigned its rights under the note and mortgage to Wells Fargo Bank N.A. ("Wells Fargo"), which proceeded to pursue foreclosure. (*Id.* ¶¶ 37–38.) Plaintiff alleges that Wells Fargo failed to notify Plaintiff of the foreclosure proceedings at his address in Pennsylvania, and therefore a default judgment was entered against him. (*Id.* ¶¶ 45–46.) Plaintiff alleges that, during foreclosure proceedings, "Defendants possessed documents reflecting . . . inconsistencies" in the ownership and transfer history of the note and mortgage to Wells Fargo, as well as omissions of "material information regarding other parties who still had unextinguished interests in the premises." (*Id.* ¶¶ 54–56.) "At the time of [Default] Judgment, foreclosure records . . . could not be accessed remotely," and only after records were digitized in 2020 was Plaintiff able to discover these omissions and inaccuracies. (*Id.* ¶¶ 47–48, 50, 54.) "Had Plaintiff been able to access these records before entry of [Default] Judgment, Plaintiff would have been able to expose earlier fraud engaged in by Wells Fargo against Plaintiff and against the property," (*id.* ¶ 49), and "the state court would have . . . declined to enter a default judgment against Plaintiff," (*id.* ¶ 58).

In February 2025, Plaintiff's agent "sent an email to the Board Members" of Wells Fargo "concerning the loan and servicing history, title issues and recycling of debt to generate mortgage insurance revenue." (*Id.* ¶¶ 62, 69.) The Board Members never responded. (*Id.* ¶ 63.)

## II. Procedural Background

On November 18, 2025, Plaintiff, proceeding *pro se*, initiated a lawsuit in the Eastern District of New York. (Dkt. 1.) After the Court held a Pre-Motion Conference regarding Defendants' anticipated motion to dismiss, during which the Court explained that Plaintiff's Complaint failed to state a claim for relief, the Court gave Plaintiff an opportunity to obtain counsel

and move for leave to amend his Complaint. (04/21/2026 Min. Entry.) Plaintiff, now counseled, filed a proposed briefing schedule for the Motion for Leave to Amend on July 15, 2026, (Dkt. 21), and Motion for Leave to Amend on August 7, 2026, (Dkt. 24). Plaintiff's PAC names as Defendants Wells Fargo; Nationstar; the Directors of Wells Fargo—Steven D. Black, Mark A. Chancy, and Theodore F. Craver Jr (collectively, the "Director Defendants"); John and Jane Doe Defendants; and Stewart Title Guaranty Company d/b/a Stewart Title Agency ("Stewart Title"), the issuer of title insurance to Plaintiff and a lender policy to Nationstar. (*See* PAC, Dkt. 24-4, ¶¶ 12–19, 53.) Plaintiff claims that Defendants violated the Real Estate Settlement Procedures Act ("RESPA"), because they "failed to adequately disclose material information relating to mortgage servicing and ownership at the time of making the loan" and "failed to respond appropriately" to Plaintiff's February 13, 2025 report. (*Id.* ¶¶ 68–69.) Plaintiff also claims that Defendants violated the Truth in Lending Act ("TILA") because they "failed to provide accurate disclosures concerning the loan transaction" and "failed to accurately disclose material information required by federal law." (*Id.* ¶¶ 72–73.) Plaintiff also raises civil conspiracy, fraud in the inducement, and breach of fiduciary duty claims. (*Id.* ¶¶ 75–93.) Plaintiff requests damages, injunctive relief, and declaratory relief. (*See id.* ¶¶ 94–101.)

**LEGAL STANDARD**

Federal Rule of Civil Procedure ("Rule") 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). Leave to amend is futile if the amended complaint "'would be subject to dismissal for failure to state a [claim] upon which relief may be granted' and therefore could not survive a [Rule] 12(b)(6) motion to dismiss." *Doyle v. United*

*Airlines, Inc.*, 914 F. Supp. 2d 325, 333 (E.D.N.Y. 2012) (quoting *Candelaria v. Spurlock*, No. 08-CV-1830 (BMC) (RER), 2008 WL 2640471, at *5 (E.D.N.Y. July 3, 2008)).

To survive Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face where it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). In reviewing a complaint for failure to state a claim, the Court accepts as true all factual allegations and draws from them all reasonable inferences, while disregarding "conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester Cnty.*, 3 F.4th 86, 90–91 (2d Cir. 2021) (quoting *Dane v. UnitedHealthcare Ins. Co.*, 974 F.3d 183, 188 (2d Cir. 2020)).

## DISCUSSION

The Court denies Plaintiff's Motion for Leave to Amend as futile. Because of the large number of deficiencies in the PAC, Court does not identify all of reasons that the PAC would be futile, and instead highlights the main reasons for its finding of futility, many of which the Court discussed with the parties on the record at the April 21, 2026 Pre-Motion Conference.

### I. The PAC Fails to Provide Defendants with Fair Notice

As a threshold matter, the PAC fails to give reasonable notice to Defendants of the nature of the claims against them. "'Although [Rule] 8 does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant fair notice of what the plaintiff's claim is and the ground upon which it rests.'" *In re Platinum-Beechwood Litig.*, 427 F. Supp. 3d 395, 438 (S.D.N.Y. 2019) (quoting *Atuahene v. City of Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (summary order)). "That is to say, when

looking at a complaint, a defendant should not have to guess what the claims against him are." *Spencer v. Connecticut*, 560 F. Supp. 2d 153, 160 (D. Conn. 2008).

All but one of Plaintiff's claims[1] fail to provide Defendants with fair notice. Plaintiff's RESPA claim, for example, fails to allege *which* of the seven named "Defendants failed to adequately disclose material information relating to mortgage servicing and ownership at the time of making the loan" and *which* "Defendants failed to respond appropriately to the February 13, 2025 report." (PAC, Dkt. 24-4, ¶¶ 68–69.) Nor does Plaintiff identify which RESPA provisions Defendants violated; instead he only ambiguously states he is bringing claims under "REPSA" and "[o]ther federal statutes and regulations governing mortgage lending, servicing, and foreclosure conduct." (*Id.* ¶ 6); *see also Gonzalez v. J.P. Morgan Chase Bank, N.A.*, 228 F. Supp. 3d 277, 293 n.13 (S.D.N.Y. 2017) (dismissing complaint that was "too conclusory and nonspecific to state a claim" where plaintiff made "several oblique references to violations of the RESPA . . . , but d[id] not detail which sections of [RESPA] ha[d] been violated, or include any specific causes of action related to [RESPA]"); *Cullum v. Wyndham Hotels & Resorts Corp.*, No. 22-CV-9700 (LTS) (SN), 2024 WL 552494, at *11 (S.D.N.Y. Feb. 12, 2024) (similar), *reconsideration denied*, 2024 WL 3104517 (S.D.N.Y. June 24, 2024), *aff'd*, No. 24-1949, 2025 WL 2020942 (2d Cir. Apr. 10, 2025). Although the Court could *guess* that Plaintiff is alleging RESPA violations by Nationstar, who issued the loan, and by the "Board Members" who received Plaintiff's report,[2] as well as which RESPA violations Plaintiff is alleging, such guesswork is "antithetical" to Rule 8's "fair notice"

[1] Count Five specifies it is being raised against "Defendants Nationstar, Wells Fargo and the individual director defendants." (PAC, Dkt. 24-4, ¶ 89.)

[2] Plaintiff refers to the recipients of Plaintiff's report as "Board Members," (PAC, Dkt. 24-4, ¶ 62), and it is unclear if the Board Members are the same as the Director Defendants. There are no "Board Members" listed as Defendants.

requirement. *Bardwil Indus. Inc. v. Kennedy*, No. 19-CV-8211 (NRB), 2020 WL 2748248, at *4 (S.D.N.Y. May 27, 2020) (rejecting "undifferentiated allegations against '[d]efendants'" as forcing a defendant to "guess . . . which factual contentions are asserted against him" (alteration in original)); *Boehm v. SportsMem, LLC*, No. 18-CV-0556 (JMF), 2019 WL 3239242, at *2 (S.D.N.Y. July 18, 2019) (similar).

Plaintiff's TILA, fraud in the inducement, and civil conspiracy claims falter for similar reasons. Plaintiff does not identify which part of the TILA Defendants allegedly violated and how. *See Chavous v. M&T Bank*, No. 25-CV-1247 (AMN) (MJK), 2026 WL 1382799, at *4 (N.D.N.Y. May 18, 2026) (dismissing TILA claim based in part for this reason). Plaintiff merely alleges that "Defendants failed to provide accurate disclosures concerning the loan transaction" and "Defendants failed to accurately disclose material information required by federal law." (PAC, Dkt. 24-4, ¶¶ 72–73.) This claim therefore could encompass any number of Defendants in this action. Meanwhile, Plaintiff's fraud in the inducement and civil conspiracy claims suffer from this same defect. (*See id.* ¶¶ 76–78, 84 (alleging "Defendants agreed to engage in conduct designed to conceal from Plaintiff defects in title, ownership, servicing foreclosure authority and the true condition of the premises" and that Defendants "made material misrepresentations in September and October 2009" about title, claimed repairs could be made, and concealed the existence of another entity that participated in a title transfer).) Again, neither the Court nor Defendants should have to engage in guesswork to determine which Defendants are subject to particular claims.

Accordingly, the Court finds Plaintiff's Motion for Leave to Amend is futile because his RESPA, TILA, fraud in the inducement, and civil conspiracy claims fail to give Defendants reasonable notice.

## II. The Court Cannot Order Injunctive or Declaratory Relief

Independently, two forms of Plaintiff's requested relief—declaratory relief voiding "the Mortgage, its subsequent assignments and the Judgment of Foreclosure and Sale rendered in the state action" and an injunction "preventing further foreclosure activity, transfer activity, or any auction sale of the premises," (*id.* ¶¶ 96, 101)—are non-cognizable. As the Court explained to Plaintiff at the April 21, 2026 Pre-Motion Conference, under the Anti-Injunction Act, the Court is barred from entering temporary relief against the foreclosure and sale of real property ordered by a state court, except under limited circumstances not met here. *See Manning v. City of New York*, No. 24-CV-4747 (LGS), 2024 WL 3377997, at *2 (S.D.N.Y. July 11, 2024) (denying plaintiff's request to enjoin state court foreclosure proceedings as barred by the Anti-Injunction Act). And the *Rooker-Feldman* doctrine bars the Court from declaring the underlying mortgage and foreclosure judgment void. *See Ford v. U.S. Dep't of Treasury I.R.S.*, 50 F. App'x 490, 491 (2d Cir. 2002) (summary order) (affirming dismissal where plaintiff sought a "declaration that the foreclosure judgment [wa]s void, thereby requiring reversal of the state court foreclosure judgment").

## III. Plaintiff's TILA and RESPA Claims are Time-Barred or Ill-Plead

Plaintiff's TILA and RESPA claims are either time-barred or so conclusory as to fail to state a claim. First, as the Court noted at the April 21, 2026 Pre-Motion Conference, claims under the TILA must be brought within "1 year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e).[3] For mortgage transactions, that date is "no later than the date the plaintiff enters

[3] Certain TILA violations arising under the Home Ownership Equity Protection Act ("HOEPA"), 15 U.S.C. § 1639, have a statute of limitations of three years, *id.* § 1640(e). Plaintiff does not specify which parts of the TILA Defendants have violated, nor does Plaintiff allege anything that would place his claims within HOEPA and its limitations period. *See Simpson v. Wells Fargo Bank*, No. 15-CV-1487 (JMF), 2016 WL 10570967, at *3 n.2 (S.D.N.Y. Dec. 15, 2016) (finding HOEPA and its longer statute of limitations period inapplicable because "the loan

the loan agreement or, possibly, when defendant performs by transmitting the funds to plaintiff." *Latouche v. Wells Fargo Home Mortg. Inc.*, 752 F. App'x 11, 13 (2d Cir. 2018) (summary order) (collecting cases). Here, Plaintiff indicates that he entered the loan agreement in 2009. (*See* PAC, Dkt. 24-4, at ¶ 11.) Therefore, Plaintiff's TILA claim is over a decade past the statute of limitations.

To be sure, a plaintiff may toll the statute of limitations by demonstrating that "defendant fraudulently concealed from the plaintiff his cause of action during the time in which plaintiff could have brought that action." *Cardiello v. The Money Store, Inc.*, No. 00-CV-7332 (NRB), 2001 WL 604007, at *4 (S.D.N.Y. June 1, 2001) (emphasis omitted), *aff'd sub nom. Cardiello v. The Money Store*, 29 F. App'x 780 (2d Cir. 2002); *accord Wai Hoe Liew v. Cohen & Slamowitz, LLP*, 265 F. Supp. 3d 260, 284 (E.D.N.Y. 2017). Here, Plaintiff alleges that Defendants concealed the cause of action by failing to properly notify him of foreclosure proceedings on the Property, therefore preventing Plaintiff from accessing the court records that revealed "substantial discrepancies regarding title records, ownership interests, consideration paid, prior foreclosure filings by Wells Far[g]o, and parties possessing undisclosed interests in the property through the present date." (PAC, Dkt. 24-4, ¶¶ 46, 48.) However, Plaintiff has not alleged that he "remained in ignorance of that cause of action until some point within [the applicable statutory period] of the commencement of his action," or that the delay was "not attributable to lack of diligence on his part." *Cardiello*, 2001 WL 604007, at *4 (alteration in original) (citation omitted). Plaintiff does not allege *when* he discovered Defendants' fraudulent concealment, instead contending that he did not *initially* receive notice of the foreclosure action, and that due to the digitization of the court

---

at issue was 'not a second loan or a refinancing'" (quoting *Johnson v. Scala*, No. 05-CV-5529 (LTS) (KNF), 2007 WL 2852758, at *4 (S.D.N.Y. Oct. 1, 2007))).

filings in that action in 2020, he discovered Defendants' conduct. (PAC, Dkt. 24-4, ¶¶ 41, 45, 47–50.) In other words, Plaintiff alleges that, at some point after 2020, he discovered the court records giving rise to his cause of action. This vague allegation, if credited,[4] does not support the inference that Plaintiff "remained in ignorance of that cause of action" until at least November 2024—*i.e.* one year prior to his bringing the present action. Indeed, the record of the foreclosure proceeding[5] establishes that Plaintiff (through his current counsel) contested that foreclosure as early as 2019, *see* Not. of Appearance, *Wells Fargo Home Mortgage v. Villanueva*, No. 511340/2014 (N.Y. Sup. Ct. Kings Cnty. Dec. 4, 2019), Dkt. 87, and therefore had notice of, or access to, the records revealing "substantial discrepancies" since at least 2019. Because Plaintiff did not file this action until nearly six years after such notice, (*see* Dkt. 1), he does not qualify for equitable tolling of the statute of limitations. *See Zap v. Fed. Home Loan Mortg. Corp.*, No. 15-CV-0624 (MAD) (TWD), 2016 WL 2992147, at *6 (N.D.N.Y. May 20, 2016) (determining plaintiff did not exercise due diligence in discovering allegedly concealed transfers of a mortgage because plaintiff waited until four years after appearing in foreclosure proceedings to investigate the validity of the mortgage); *Roy v. Bank of New York Mellon*, No. 17-CV-6729 (MKB) (LB), 2018 WL 3912281, at *6 (E.D.N.Y. Aug. 14, 2018) (holding plaintiff could not allege he remained in ignorance because plaintiff knew of "alleged wrongdoing" when defendants initiated foreclosure action, seven years before plaintiff filed complaint), *report and recommendation adopted*, 2018 WL 4771898 (E.D.N.Y. Sep. 30, 2018).

---

[4] The PAC presents allegations to the contrary, namely that Plaintiff appeared with counsel in the foreclosure action as early as 2015. (PAC, Dkt. 24-4, ¶¶ 39–40.)

[5] "A court may appropriately take judicial notice of filings and judgments made in state courts." *VDARE Found., Inc. v. James*, 162 F.4th 77, 83 (2d Cir. 2025) (citation omitted).

For similar reasons, part of Plaintiff's RESPA claim is time-barred. Plaintiff alleges that "Defendants failed to adequately disclose material information relating to mortgage servicing and ownership at the time of making the loan." (PAC, Dkt. 24-4, ¶ 68.) Although Plaintiff does not specify *which* provision of RESPA Defendants violated, the statute of limitations for RESPA violations are either one or three years from the date of the violation. *See* 12 U.S.C. § 2614. Plaintiff received the loan in 2009, and therefore the statute of limitations expired in either 2010 or 2012. And, as explained, Plaintiff has not sufficiently alleged fraudulent concealment. Accordingly, this RESPA claim is time-barred.

Plaintiff alludes to other potential RESPA violations, but his allegations are too conclusory to state a claim. Plaintiff alleges, for example, that "Defendants benefited financially from servicing fees, interest, quick payments from mortgage insurance carriers, foreclosure activity, and related transactions." (PAC, Dkt. 24-4, ¶ 61.) Although RESPA prohibits giving or accepting a "fee, kickback, or thing of value" for a referral involving a "federally related mortgage loan," *see* 12 U.S.C. § 2607(a), it is entirely unclear if that is what Plaintiff is alleging here, and Plaintiff has not alleged what these benefits entailed such that the Court could infer a cognizable RESPA claim. As another example, Plaintiff contends that Defendants did not respond to his "February 13, 2025 report concerning the loan and servicing history, title issues and recycling of debt to generate mortgage insurance revenue." (PAC, Dkt. 24-4, ¶ 69.) Favorably construed, this allegation is suggestive of a failure to adequately respond to a Qualified Written Request ("QWR"), 12 U.S.C. § 2605(e). But Plaintiff fails to allege, *inter alia*, that his injuries were proximately caused by Defendants' unresponsiveness, *see Bocci v. Nationstar Mortg. LLC*, No. 23-CV-1780 (JPC) (KHP), 2024 WL 4326932, at *7 (S.D.N.Y. Sep. 27, 2024) (collecting cases dismissing RESPA claims for failure to allege how harm was connected to failure to respond to

QWR); *Kilgore v. Ocwen Loan Servicing, LLC*, 89 F. Supp. 3d 526, 539 (E.D.N.Y. 2015) (similar). Conclusory allegations that "Plaintiff suffered actual damages as a result," (PAC, Dkt. 24-4, ¶ 70), do not suffice. *See Kremenchutsky v. Citizens Bank N.A.*, No. 24-CV-1615 (NCM) (LKE), 2025 WL 1249623, at *6 (E.D.N.Y. Apr. 30, 2025) ("Plaintiffs' conclusory statement that they suffered damages, without showing that those damages flow from any alleged failure to respond to a QWR, is not sufficient to plausibly allege actual damages.").

**IV. The Court Declines Jurisdiction Over Plaintiff's Remaining Claims**

Plaintiff does not appear to raise any other federal claims in the PAC.[6] Thus, even if the Court was to find that Plaintiffs' state law claims were adequately pled, it would decline to exercise jurisdiction over them. *See* 28 U.S.C. § 1367(c).

**CONCLUSION**

For the foregoing reasons, the Court denies Plaintiff leave to file the Proposed Amended Complaint, (Dkt. 24), because Plaintiff still fails to state a claim for relief. Accordingly, the Court denies Plaintiff's letter motion proposing a briefing schedule as moot. The Court, however, will give Plaintiff a final opportunity to seek leave to file an amended complaint that states a claim upon which relief can be granted. Plaintiff is cautioned to heed the Court's discussion of why his

---

[6] Although Plaintiff mentions elsewhere in the PAC that he is asserting claims under "[f]ederal civil rights statutes 42 U.S.C. Sections 1983 and 1985," (PAC, Dkt. 24-4, ¶ 6), it is not apparent if these statutes are intended to apply to Plaintiff's "civil conspiracy" claim, (*id.* ¶¶ 83–87). To the extent Plaintiff raises a claim under "Section[] 1983," Plaintiff has not alleged that any of the entities are suable "persons" under those statutes. *See Kamdem-Ouaffo v. Baker Botts, L.L.P.*, No. 23-CV-2008 (CS), 2023 WL 5803709, at *1 (S.D.N.Y. Sep. 7, 2023) (rejecting attempt to bring Section 1983 suit against bank and debt collectors because they were not state actors), *aff'd sub nom. Kamdem-Ouaffo v. Baker Botts LLP*, No. 23-7753, 2024 WL 4948574 (2d Cir. Dec. 3, 2024). Plaintiff also has not alleged a Section 1985 violation because the PAC contains no allegations that the Defendants conspired to "depriv[e], either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws," conspired to interfere with a federal officer's discharge of their official duties, or conspired to intimidate or influence any witness, party, or juror in a federal case. 42 U.S.C. § 1985.

claims as currently pled are deficient, and not simply attempt to file a complaint with the same deficiencies.[7] Plaintiff has until September 18, 2026 to seek leave to file an amended complaint. Plaintiff must attach a second Proposed Amended Complaint to his motion for leave to file. If he fails to timely do so, Plaintiff's claims will be dismissed and this matter will be closed.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: August 19, 2026
Brooklyn, New York

---

[7] Other deficiencies Plaintiff should address are the PAC's failure to: (1) plead fraudulent concealment with particularity, *see Zirvi v. Flatley*, 838 F. Appx. 582, 585 (2d Cir. 2020) (summary order); (2) allege facts concerning the conduct of Stewart Title Agency; and (3) allege that the February 13, 2025 report constituted a QWR that was sent to a loan servicer, *compare Hamadeh v. Cenlar FSB*, No. 25-CV-5401 (PKC), 2026 WL 1328606, at *3 (S.D.N.Y. May 13, 2026) (dismissing RESPA claim where complaint did "not contain detail sufficient to plausibly allege the existence of a qualified written request, *i.e.*, containing the information required by statute, including a statement of the reasons for the borrower's belief 'that the account is in error' or detailing 'other information sought by the borrower.'" (quoting 12 U.S.C. § 2605(e)(1)(B)(ii))), *and Roth v. CitiMortgage Inc.*, 756 F.3d 178, 181–82 (2d Cir. 2014) (explaining that RESPA allows loan servicers to designate a QWR address, and if a servicer does so, letters sent to a different address are not QWRs), *with* (PAC, Dkt. 24-4, ¶¶ 62–63 (describing "email" sent to "Board Members" "concerning the loan and servicing history, title issues and recycling of debt to generate mortgage insurance revenue")).